994

## CUMBERLAND CORPORATION v. McLELLAN STORES CO. et al.

District Court, S. D. New York.
April 12, 1939.

Kadel, Sheils & Weiss, of New York City, for plaintiff.

Sullivan & Cromwell, of New York City (John C. Bruton, Jr., of New York City, of counsel), for defendants.

HULBERT, District Judge.

The plaintiff applies for an order requiring defendant United Stores Corporation to produce and permit plaintiff to inspect and copy a voluminous number of documents and for an order to take testimony by deposition upon oral examination of the defendant United Stores Corporation, by Wilbur F. Cummins, a director thereof; the testimony of defendant George K. Morrow, individually and as a director of defendant McLellan Stores Company, and as a director of defendant United Stores Corporation, at a time and place to be fixed by the Court.

This action was commenced in 1934 in the Supreme Court of the State of New York but removed here on application of defendant McLellan Stores Company on the ground that as to it a separable controversy existed and there was diversity of citizenship. The motion to remand was denied and issue joined on December 21, 1934.

A motion for an injunction pendente lite was argued before and denied by me on January 19, 1935. No further action appears to have been taken in this case until the present motion was noticed.

In April 1935 plaintiff commenced a new action in the Supreme Court of the State of New York against the defendants McLellan Stores Company, Stuart Hedden and Hedden & Co., Inc. The issues are substantially the same.

The plaintiff in the pending action in the State Court obtained an order to examine the defendants before trial. It was affirmed on appeal by a divided court, the vote being 3 to 2. The examination was commenced some time after the Federal Rules of Civil Procedure became effective and has not been completed, although no testimony has been taken during the past several weeks.

While the purpose of the new Federal Rules of Civil Procedure is to secure the just, speedy, and inexpensive determination of every action, and the Court is ordinarily disposed to allow a considerable latitude of freedom in pursuing the examination of witnesses and the production and inspection of documentary evidence, Rule 30(d), 28 U.S.C.A. following section 723c, discloses an intent that no examination conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress either a witness or a party, should be allowed to continue.

The fact that no steps have been taken in this matter for a period of four years while the plaintiff has sought a remedy in another court and has already pursued an examination there, in which about 700 pages of testimony have been

taken, and now seeks to invoke the aid of this Court in what, from the very nature of the moving affidavit plainly indicates, will be a laborious, long drawn out, proceeding impels the denial of the application, without prejudice to a renewal. But meanwhile, it is suggested that the plaintiff seek a simplification of the issues in accordance with the provisions of Rule 16, Federal Rules of Civil Procedure.

Settle order on notice.