## NORTON et al. v. COOPER–JARRETT, Inc., et al.

District Court, N. D. New York.
April 22, 1939.

E. John Ernst, Jr., of New York City, for plaintiffs.

Henry P. Goldstein, of New York City (David B. Sugarman, of Syracuse, N. Y., of counsel), for defendants.

COOPER, District Judge.

On April 7, 1939, the defendant's attorney served notice by mail on the attorney for the plaintiffs, of an examination of all the plaintiffs on April 10, 1939 at Syracuse, N. Y. before the Clerk of the U. S. Court.

Ten different matters are stated as subjects upon which examination is sought.

Three of the ten relate (1) to the physical condition of two of the plaintiffs who claim to have suffered severe personal injuries, (2) any and all injuries alleged to have been sustained by these two plaintiffs as a result of the accident and (3) the amount of monies expended for medical attention, medical appliances or medical treatment.

Six of the other seven items relate to the conduct of the plaintiffs at the time of the accident, the condition of the road, etc.

Item 4 is as follows: "Concerning the plaintiff's contention with respect to the manner in which the defendant, Joseph B. Wilson, his agents, servants and employees operated the vehicle at the time of and immediately prior to the occurrences complained of by the plaintiffs herein."

The plaintiffs promptly moved to vacate this notice of examination making the motion returnable April 15th at Albany.

This action was begun in the Supreme Court of New York State, Schoharie County, in which plaintiffs reside and was removed by the defendant to this Court in May 1938.

This case was noticed for trial at the April term of this Court commencing April 4th, 1939. The grounds of the motion to vacate are (1) that the notice states no competent person before whom the examination shall be held (2) that the persons sought to be examined reside more than 40 miles from Syracuse (3) that they can be examined only in the County where they reside (4) that the object of the examination is to delay the trial and (5) that the proposed examination exceeds the proper limits of such examination.

That defendants are guilty of laches in seeking such examination at this late day is manifest. That the claim as to nature and extent of the injuries can be obtained by a bill of particulars is also clear.

No. 4 above quoted is entirely unwarranted.

The contention of a party is made by pleadings and in a proper case by a bill of particulars.

An examination by a physician on the eve of trial or before is also customary but not asked for here.

The defendants in the brief state a willingness to have the examination in the County where the parties reside, viz, Schoharie County.

The defendants may have the examination at Cobleskill, Schoharie County, before any proper person named by them,— so far as items 1, 2, 3, 5, and 6 are concerned, provided that such examination shall not delay the trial nor be used for that purpose.

Defendants may have a bill of particulars within five days from April 24th, as

to 7, 8, 9, and 10 and may have an examination by a physician selected by defendant at Cobleskill in connection with the above examination, or on the eve of or the day of trial at Syracuse, provided that no such examination shall delay or prevent the trial at the present term at Syracuse.

It is the intent of this decision to give the defendants such examination and bill of particulars as they would have been entitled to had they moved promptly but it is also the intent that such things shall in no event delay the trial.

The examination may take place on or before April 29th at Cobleskill, provided, however, that if the trial is reached before April 29th and the examination has not been had, the case shall go to trial without such examination.

Two days shall be sufficient notice of such examination.