### SPOTTS v. O'NEIL.

District Court, S. D. New York.
Nov. 7, 1939.

Crawford & Sprague, of New York City, for plaintiff.

A. M. Rosenfeld, of New York City, for defendant.

MANDELBAUM, District Judge.

The defendant seeks an order vacating and setting aside the notice of taking Anderson's deposition dated October 16th, 1939, a prospective witness for the plaintiff, on written interrogatories and for an order directing that Anderson's testimony be not taken on interrogatories.

The action is to recover a sum of money alleged to have been procured from the plaintiff by false and fraudulent statements and pretenses.

The chief objection by the defendant to the procedure adopted by the plaintiff is that Anderson, whose testimony is sought by the plaintiff, is in reality the real party in interest and should be present at the trial so as to be subject to cross-examination. The plaintiff denies categorically that Anderson is the real party in interest or that she is controlled by him. The court is unable to pass upon the truth or falsity of the defendant's charges irrespective of how earnestly and emphatically the defendant urges his position on the court.

The defendant seeks to invoke Rule 30 (b) and Rule 31(d) of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which in effect say that upon good cause shown the court may make an order directing that a deposition shall not be taken, Rule 30(b), or that it shall not be taken except upon oral examination, Rule 31(d). Nothing has been presented in the papers which would justify the court in denying to the plaintiff the method of procedure that she has chosen to employ. It is stated in Moore's Federal Practice, Volume 2, at page 2575: "In view of the unlimited right of discovery given by Rule 26 situations will seldom arise where an order that the deposition shall not be taken would be appropriate". On the other hand, the court is not entirely unsympathetic to the defendant in the dilemma in which he claims he finds himself. He is a member of the bar practicing for 33 years and the alleged charges against him are serious. The defendant suggests that if this motion is denied that Anderson be required, as a matter of common justice to the defendant, who cannot

compel Anderson's attendance upon the trial, that Anderson be directed to answer certain questions propounded by the defendant before the defendant is required to serve cross-interrogatories. While the request is rather unusual, the court feels that under the peculiar circumstances in this case, the defendant is entitled to some protection. Rule 30(b) provides that the court may make any other order which justice requires to protect the party or witness from annoyance or embarassment or oppression. After carefully examining the questions which the defendant wishes to propound to Anderson, the court will allow only question numbered (h) and refuses all others.

The motion is disposed of as follows:

1. The motion to vacate the notice is denied.

2. Anderson is permitted to testify on written interrogatories.

3. Anderson or his attorneys are required to answer question marked (h) incorporated in the defendant's reply affidavit sworn to' October 30th, 1939 before the defendant is required to serve cross-interrogatories.

Settle order on 2 days notice.