## FINKELSTEIN v. BOYLAN et al.

District Court, S. D. New York.

April 25, 1940.

Alexander Kahan and David Haar, both of New York City, for plaintiff.

George Z. Medalie, of New York City, for defendant George W. Hill.

Clarence J. Shearn, of New York City, for defendants Vincent Riggio and others.

Sigourney B. Olney, of Brooklyn, N. Y., for defendants Richard J. Boylan and others.

Chadbourne, Wallace, Parke & Whiteside, of New York City, for defendant American Tobacco Co.

MANDELBAUM, District Judge.

The defendants who were served by the plaintiff with a notice to take their depositions before trial move, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for alternative relief. 1, to vacate the said notice for the taking of depositions, or, 2, postponing the taking of depositions pursuant to said notice, until the completion of the taking of the depositions of said witnesses in said action now pending in the Supreme Court of the State of New York, entitled Esther Heller et al., plaintiffs, against Richard J. Boylan et al., defendants.

In order to more fully appreciate the issues, a review of this litigation is necessary. The suit in this court commenced in January, 1940, is a minority stockholder's action. Pending in the State Supreme Court is another minority stockholder's action which for convenience we shall designate as the "Heller Action". This was commenced in February, 1939. Thereafter the "Heller Action" was consolidated with six other similar suits, and an amended complaint was served in the "Heller Action". It appears that the state court action is likely to be reached for trial in Special Term, Part III of the Supreme Court, New York County, in May, 1940.

To sum up the arguments advanced by the defendants in support of their application for a protective order under Rule 30(b), the following may be said: The complaint in both this court and in the state court are almost identical; the plaintiffs have adopted what is termed a plagiaristic practice in copying almost verbatim the complaint in the "Heller Action"; that the defendants or some of them sought to be examined have been thoroughly examined before trial in the state court; that the examinations have as yet not been completed; that a new examination in this court is a mere duplication of what has already taken place; that it will annoy, harass and oppress the defendants as well as cause them the expenditure of unnecessary expenses; the "Heller Action" when tried will completely dispose of and be res adjudicata of all issues involved in this court; there has been no showing that the "Heller Action" is not prosecuted in good faith and will not adequately protect all the stockholders; that it has been decided in the state court by Justice Noonan on November 2nd, 1939, in staying other actions, that the "Heller Action" is free from collusion and is being prosecuted in good faith.

On the other hand, the plaintiff's position in opposing the motions appears to be: that this suit is an independent action that in no way is involved in the prosecution of the "Heller Action"; that he is not guilty of any plagiaristic acts alleged by the defendants; that he is exercising the right the law gives him as a stockholder; that if the defendants' motion is granted, the effect would be to stay this suit pending the outcome of another similar proceeding contrary to well-recognized authorities; that the Federal Rules of Civil Procedure have created a new and independent procedural system entirely detached from state court practice; that Judge Clancy of this court on March 13th, 1940, denied the defendants' application for a stay of this trial until the disposition of the "Heller Action"; that the motion is seeking to circumvent the import of Judge Clancy's decision; that since the stay of the action has been denied, the plaintiff is entitled to prepare for trial by utilizing all processes provided for in the Federal Rules of Civil Procedure.

I believe that I have stated what is substantially urged on behalf of both sides. A preliminary matter requires disposition. The denial by Judge Clancy of a stay of this action does not preclude the defendants from moving for a protective order under Rule 30(b). The court, guided by equitable considerations, may take such steps as will protect parties and deponents entitled to relief.

As to the first section of the defendants' motion which seeks to vacate the notice of taking depositions, the court decides to deny such application for reasons which follow:

I quote from the pertinent portions of Rule 30(b): "(b) *Orders for the Protection of Parties and Deponents.* After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party * * * and upon notice for good cause shown, the court in

which the action is pending may make an order that the deposition shall not be taken * * * ; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

The reason for protective orders under Rule 30(b) is succinctly stated in Moore's Federal Practice, Vol. 2, p. 2574: "These protective provisions were introduced as a safeguard for the protection of parties and deponents on account of the right of unlimited discovery accorded by Rule 26. It is expected that the availability of these protective provisions will act as a deterrent to improper utilization of the discovery procedure."

It is further commented in Moore's Federal Practice that although it is conceivable that situations may arise where it would be appropriate to deny the taking of a deposition (Vol. 2, p. 2575), it goes on to say (p. 2576): "But in view of other protective orders which the court is authorized to make and which would give adequate protection against a particular abuse, without entirely denying a right to discovery, it will be seldom that a court will forbid the taking of a deposition altogether". See Spotts v. O'Neil, D.C., 30 F.Supp. 669.

██ Considered in the light of all the foregoing expressions, as well as the factual situation presented by the affidavits, I feel that to categorically deny the plaintiff the right of discovery would be an abuse of discretion. After all, the plaintiff as a stockholder has some rights, irrespective of any other pending actions, and in the absence of a clear showing of bad faith, collusion or other legal impropriety, he should, as any other litigant, be accorded the right to utilize the means made available under the new system of federal procedure in preparing for trial. But, this does not mean that such right must always be accorded without qualifications where circumstances demand otherwise. And with this thought in mind, we approach the second section of the defendants' motion.

It is urged by the defendants that the taking of the depositions be postponed until the examinations before trial in the "Heller Action" are completed. This phase of the motion is predicated on the last portion of Rule 30(b) quoted above.

There appears to be precedent for this relief. In Bachrach et al. v. General Investment Corp., D.C., 31 F.Supp. 84, Judge Hulbert of this court was confronted with a situation comparable with the instant one. There, it appeared that the outcome of pending state actions might foreclose the prosecution of a federal court suit; and that the examinations sought were for use in the state court actions. The court held that the taking of depositions in this court would be deferred until the conclusion of the trial in the state court unless the action in this court should in the meantime proceed to trial.

In Cumberland Corp. v. McLellan Stores Co., D.C. 27 F.Supp. 994, an earlier decision than the one previously cited, Judge Hulbert denied the taking of depositions in this court without prejudice where there was an action pending in the state court and where 700 pages of testimony had already been taken on an examination before trial.

The plaintiff challenges the applicability of this case to the one under consideration, claiming that unlike here, the plaintiff in both courts were the same. However, I have considered this and have resolved that the distinction does not affect the principle involved. In this connection, I might add that in minority stockholders' suits (as pointed out by the defendants) the right being asserted is not the right of a particular plaintiff stockholder, but the right of the corporation (American Tobacco Company) itself.

██ After careful consideration, I believe that the case at bar is a typical one for the exercise of the court's discretion in applying Rule 30(b). In deciding the form of relief, the court must mold the relief to fit the need. There is no precise formula to apply. I think what follows is an equitable solution of the issue presented.

1. The examination of the defendants named in the notice will be stayed pending the prosecution of both the examinations now in progress and the "Heller Action" itself in the state court.

2. The defendants to allow plaintiff an adequate inspection of all depositions taken on examinations before trial in the state court.

3. In any event, the stay here allowed will expire twenty (20) days after the completion of the examinations in the state court, such expiration to be without prejudice to the rights of defendants or plaintiff to move for such further orders as may then be warranted.

Settle order on two days' notice.