## EYIUTUOYO AWANI et al. v. PUBLIC NAT. BANK OF NEW YORK et al.

United States District Court
S. D. New York.

Dec. 27, 1952.

Tobias A. Keppler, New York City, for plaintiff.

William J. Henry, New York City, for defendant.

DIMOCK, District Judge.

This is a motion by plaintiffs to suppress the taking of depositions upon written in-

terrogatories of two witnesses in Lagos, Nigeria, B. W. Africa, by defendant, Lepow. Plaintiffs raise many objections to these interrogatories. They consist, largely, in the alleged immateriality and irrelevancy and unnecessary character of the interrogatories, in the delay of this defendant in seeking these depositions and in the insufficiency of the identification of one of the witnesses.

■ Insofar as the objections made by plaintiffs attack the materiality, relevancy and necessity of the interrogatories it may be pointed out that the propriety of interrogatories does not depend on any showing of materiality or necessity and that the scope of examination extends to any matter, not privileged, which is relevant to the subject matter involved in the pending action. Rule 26(b), F.R.C.P., 28 U.S.C.A.

■ The questions to be propounded to the witness Conti deal with the description of certain types of animal skins and the terminology used in naming the types. The action is for breach of contract to ship and sell skins and this defendant claims that those shipped were not the kind required by the contract. This dispute apparently turns on the quality of skins shipped and the terminology used to describe skins. These questions, then, are clearly relevant and proper.

■ The second witness is described as an "Exchange Control Officer care of the Department of Commerce and Industry" at the same place in Nigeria. The questions addressed to this witness deal with the plaintiffs' alleged failure to comply with export regulations which is the basis of this defendant's defense that the contract is illegal and unenforceable. Objections to interrogatories on the same issue were ruled upon by Judge Weinfeld in this case in a memorandum opinion dated May 9th, 1951. I conclude, as he did, that the interrogatories "under the present state of the pleadings are proper as being relevant but this ruling is not to be considered as determining the sufficiency of the defense" on which they bear. The further objection to the sufficiency of the identification of this witness will be considered below.

■ Plaintiffs also object that the questions are leading. The proper procedure for making such objections is set forth in Rule 32(c) (3) and they can be renewed at the trial if the deposition is then used. 4 Moore's Federal Practice, 2nd Edition, § 31.03. Objection is also made as to the qualifications as an expert of the witness Conti. Such objections are saved for the parties and may be made at the trial. Rule 32(c) (1) F.R.C.P. They cannot prevent a party from propounding interrogatories. The consideration of these objections is therefore premature at this time.

■ The claim that this defendant is guilty of laches and that the taking of these depositions will delay the trial of the action, however, is a more serious matter. The complaint in this action was filed over four years ago and the answers of this defendant was filed over three years ago. No claim of surprise is made by this defendant nor explanation for the delay offered. At this late stage, this defendant should not be permitted to delay the trial of the action. On the other hand, no good reason appears why the interrogatories should not be taken in the hope that they will be available in time for the trial. Plaintiff does complain of the expense of preparing cross-interrogatories and additional interrogatories in order to rebut any evidence that may be adduced on these depositions. These expenses however appear to be no more than those usually incident to the preparation of law suits generally and no prejudice to the plaintiff is shown. Therefore, this defendant should be permitted to take any depositions found otherwise proper but the trial of the action is not to be delayed on account of the depositions. Norton v. Cooper-Jarrett, D.C., 27 F.Supp. 806.

■ Plaintiffs also complain that they will need time to prepare cross-interroga-

266

tories and additional interrogatories for the purposes of rebutting the evidence that may be adduced by these depositions and of impeaching these witnesses. Since the case is so close to trial, it might result in an improper advantage of this defendant if he were permitted to proceed with these depositions and use them at the trial before plaintiff has had an adequate opportunity to meet them. The solution to this difficulty would seem to be to allow plaintiffs a reasonable time to complete their investigation and to prepare cross-interrogatories and additional interrogatories before this defendant is permitted to proceed with the taking of these depositions. Spotts v. O'Neil, D.C., 30 F.Supp. 669. In that way, both parties can proceed at the same time thereby giving each one an equal opportunity to adduce further evidence. In view of the fact that some time has elapsed since this motion was made and that plaintiffs have made some investigation during that time, two weeks from the date of the order should be a reasonable time for the plaintiffs to complete their investigation and to prepare whatever interrogatories are desired.

■ The last objection to be considered relates to the sufficiency of the identification of the witness to be questioned on the issue of plaintiffs' alleged non-compliance with export regulations. The notice of the taking of this deposition gives only the descriptive title, previously mentioned. Depositions upon written interrogatories differ from depositions upon oral examination in that the notice for depositions upon written interrogatories must state the name and address of the witness and an identifying description is insufficient. Rule 31(a) F.R. C.P. 4 Moore's Federal Practice, 2nd Edition, § 31.03. The notice for this deposition is defective in this respect and the deposition may not be taken under the notice in its present form.

Settle order on notice.