See also D.C., 109 F.Supp. 925.

---

**Joseph H. LYONS and Jessie H. Lyons, individually and as co-partners doing business under the name and style of Lyons Electrical Distributing Company, Plaintiffs,**

**v.**

**WESTINGHOUSE ELECTRIC CORPORATION and General Electric Company, Defendants.**

United States District Court,
S. D. New York.

Aug. 23, 1954.

Copal Mintz, New York City, for plaintiffs.

Cravath, Swaine & Moore, New York City, for defendant, Westinghouse Electric Corp.

Simpson, Thacher & Bartlett, New York City, for defendant, General Electric Co.

WALSH, District Judge.

Defendants move to stay further proceedings in the above entitled action pending the outcome of an accounting proceeding in the courts of the State of New York in which they claim identical issues are being considered and in which an interlocutory order for an accounting has already been entered.

The motion is granted.

This action to recover triple damages for violation of antitrust laws was commenced by plaintiffs after Westinghouse had initiated a proceeding in the State Court to recover from them for dishonest accounting. Plaintiffs were agents of Westinghouse in the distribution of electric lamps. A claim of antitrust violation was raised by them as a defense in

the State action and was found unsubstantiated. An accounting has been ordered and its conclusion now awaits their prosecution of an appeal.

Plaintiffs claim they should be permitted to take the depositions of the officers and employees of the defendants without further delay. They have already examined the officers and employees of Westinghouse in the State action. Depositions cover 800 pages of testimony and 6,000 documents.

They have not examined General Electric because a pretrial order requires that these depositions follow those of Westinghouse.

The expense and hardship of depositions in an antitrust proceeding should not be compelled when there is reasonable likelihood that the conclusion of the State proceeding will make it unnecessary to try the action pending here. Especially is this true when the antitrust charge was an apparent retaliation to a proceeding to recover for false accounting. It is no longer a matter of charge and counter charge; the State Court has found the antitrust claim unsubstantiated and it further found that:

"* * * The defendants boldly admitted not only that a special, and apparently secret, consignment ledger was kept but also that their monthly reports were false and to such an extent that even they themselves were unfamiliar with all of the details. Those admissions cast a very severe and obvious pall over the defendants' position. * * *"

The "obvious pall" cast over the plaintiff's position in the State Court extends here.

There is no showing that they will be improperly prejudiced by delay. Neither plaintiffs nor defendants have pressed this action vigorously. Twenty months have passed since the pre-trial order.

Motion granted. Settle order.