Ethel **BROWN** and Harry Brown, Plaintiffs,

v.

Hugh **BULLOCK**, Arthur F. Burns, Robert E. Clark, Nathaniel P. Hill, John M. Hincks, Grayson Kirk, Harris J. Nelson, Frank Pace, Jr., Maxwell D. Taylor, Calvin Bullock, Ltd., and Dividend Shares, Inc., Defendants.

United States District Court
S. D. New York.

Dec. 11, 1961.

Pomerantz, Levy & Haudek, New York City, for plaintiffs; Abraham L. Pomerantz, William E. Haudek, New York City, of counsel.

Rosenthal & Gurkin, New York City, Alfred Gurkin, New York City, of counsel for plaintiffs.

Sullivan & Cromwell, New York City, for defendants Robert E. Clark, Hugh Bullock, and Calvin Bullock, Ltd.; Marvin Schwartz, New York City, of counsel.

FEINBERG, District Judge.

Plaintiffs in this action are stockholders of defendant Dividend Shares, Inc. ("the Fund") and claim that the Fund has been harmed by various violations by defendants of the Investment Company Act of 1940, 15 U.S.C.A. § 80a-1 et seq. Plaintiffs have moved for an order under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A., requiring defendants to produce and to permit the inspection and copying of various documents

Defendants oppose the motion on the ground that there is "no good cause" for the production of documents and question the good faith of plaintiffs in making the motion at this time. Defendants state that a companion action brought by plaintiffs in the New York Supreme Court, New York County, is on the verge of dismissal with prejudice and that this will be dispositive of the action now pending in this Court. Because of this position that plaintiffs are not at this time entitled to any discovery at all, defendants have not made specific objections to the discovery sought by plaintiffs which they characterize, however, as "sweeping and burdensome." Defendants requested leave to submit further affidavits and a memorandum of law on these issues if the Court desired to rule upon the specific items of discovery listed in the plaintiffs' motion.

██ I do not think that the narrow procedural motion now before me should be used as the vehicle for deciding the question of the disposition of the companion action in the state courts and its effect on the action in this Court. That question raises broad issues of law, such as whether the action in the state courts is the same in all respects as the action in this Court, and whether an imposed discontinuance without trial will have the effect of barring the action in this Court either on principles of res judicata or collateral estoppel. These issues may properly be decided by a motion brought by defendants either for summary judgment or for a stay of all proceedings in this Court. Cf. Lyons v. Westinghouse Electric Corp., 16 F.R.D. 384 (S.D.N.Y. 1954), appeal dismissed, 222 F.2d 184 (2 Cir.1955), cert. denied 350 U.S. 825, 76 S. Ct. 52, 100 L.Ed. 737 (1955); Montro Corp. v. Prindle, 105 F.Supp. 460 (S.D. N.Y.1952). In the absence of any such motion and a decision thereon, I believe that discovery should proceed. Cf. Sagorsky v. Malyon, 12 F.R.D. 486 (S.D. N.Y.1952). Indeed, plaintiffs' right to discovery appears to have been approved

by Judge Herlands in his opinion denying defendants' motion to dismiss, Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y. 1961) aff'd 294 F.2d 415 (2 Cir.1961), and would seem to be the law of the case.

Accordingly, plaintiffs' motion will be granted as requested unless within ten days from entry of the order hereon (1) defendants file the further affidavits and memorandum of law which they had requested leave to file, raising whatever further specific objections they have to plaintiffs' motion, or (2) defendants notice an appropriate motion seeking other relief and directly raising the basic issues referred to above.

Settle order on notice.