## BACHRACH et al. v. GENERAL INVESTMENT CORPORATION et al.

District Court, S. D. New York.
Jan. 23, 1940.

Javits & Javits, of New York City (Jacob K. Javits, of New York City, of counsel), for plaintiffs.

Milbank, Tweed & Hope, of New York City (A. Donald MacKinnon and Carleton H. Endemann, both of New York City, of counsel), for defendants Chase Nat. Bank of City of New York and Chase Bank.

HULBERT, District Judge.

The defendants Chase National Bank of the City of New York and The Chase

Bank, a wholly owned subsidiary, move upon affidavit for an order pursuant to Rule 30, F.R.C.P., 28 U.S.C.A. following section 723c, that the depositions of said defendants and Joseph C. Rovensky, a vice president of The Chase Bank, pursuant to separate notices served under Rule 26, shall not be taken, or, in the alternative, shall be deferred until disposition of two actions involving substantially the same issues now pending in the New York State Supreme Court, the joint trial of which was begun on December 7, 1939, and thereupon adjourned to April 1940 term.

Rule 26(a), Federal Rules of Civil Procedure provides: "* * * after an answer has been served, the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * * Depositions shall be taken only in accordance with these rules."

It is claimed by the moving parties that the examination is sought for use in the state court actions, while it is contended by the opposing parties that the question here involved has already been disposed of by two of my colleagues and constitutes the law of the case and is binding upon me.

On November 28, 1939, Judge Bondy made an order denying a previous motion "for an order pursuant to Rule 30(d) of the F.R.C.P. terminating and suppressing the depositions" of Burroughs, Devendorf, Granbery, Woods and Wenzell.

The attorneys for the moving defendants here had notice of, and appeared upon and participated in, the argument of that motion, but the examination of neither of the defendants Chase nor Rovensky was then sought.

After the trial of the action in the state court had been commenced an application, pursuant to Rule 30(d) to halt further examination of Burroughs and Devendorf was made on December 22, 1939, to, and denied from the bench by, Judge Leibell, who, of course, followed the decision of Judge Bondy.

The facts are involved.

This action is a derivative stockholders' suit brought for the benefit of General Investment Corporation and was commenced May 6, 1937. The defendants Chase answered the second amended complaint on June 2, 1938.

Another derivative stockholders' suit for the benefit of the General Investment Corporation was brought by Cora Weiss against Addinsell et al. in the Supreme Court of New York County August 17, 1937. When certain difficulties arose in this action, hereinafter referred to, both with respect to jurisdiction and the right to discovery prior to 1930, a third action by General Investment Corporation v. Addinsell et al. was brought in the Supreme Court of New York County March 21, 1939.

Although Bachrach's action was commenced in April, 1937, it is urged by the plaintiffs that examinations were not possible until the Federal Rules of Civil Procedure became effective in September, 1938. The Weiss action had then been pending for more than a year. Examinations before trial (of parties) are authorized in the state court (N.Y.Civil Practice Act, Art. 29, Sec. 288 et seq.) and the right is freely exercised in the state courts. However, no examinations have been applied for in the state court but there have been many in this action and they have been extensive, 2,500 pages of examinations have been taken and 600 exhibits produced. It also appears that as early as April 18, 1938, the defendants Chase had answered interrogatories pursuant to Equity Rule 58.

The two state court actions were consolidated by an order dated October 19, 1939, and set for trial on December 4, 1939. Meanwhile, upon an application to Senior Judge Knox, with respect to this action, he ruled: "Adjourn this case until December term for the purpose of ascertaining if State Court action goes to trial on December 4, 1939."

The joint trial of the Weiss and General Investment Corporation actions was commenced before Mr. Justice McCook on December 7, 1939, and was thereafter adjourned until the April term 1940.

The defendant Chase Bank is not a party to either of those actions. Excerpts from a brief filed on behalf of Cora Weiss upon an appeal to the Appellate Division of the Supreme Court, First Department, in her suit against Addinsell et al., are contained in the papers submitted in opposition to this motion. The following is a quotation therefrom:

"The defendants in the Federal suit, who include many of the appellants before this Court, have therein urged the rule,

peculiar to the Federal Court, that a stockholder in a derivative suit may not complain of transactions taking place prior to his acquisition of stock (fol. 584). In that case, proof of continuous stock ownership by the plaintiffs prior to June 1930 is doubtful and prior to this date many of the more important transactions complained of herein took place (fol. 584). Said defendants have also challenged the entire basis of the Bachrach suit by urging the insufficiency of the demand made upon the corporation to sue and its refusal to bring action, and by attacking the jurisdiction of the Federal court (fols. 583–5). "The situation in the Federal Court suit provides every justification for the continued prosecution of an entirely independent suit in the courts of this state."

\* \* \* \* \* \*

"Furthermore, owing to the condition of the Federal Court calendar and the fact that this action (Weiss action) is more comprehensive, both as regards claims asserted and parties defendant (fols. 583–6), than the Bachrach suit, and owing to the weaknesses in the latter action already commented upon, it is the present intention of counsel to the plaintiffs in these actions first to try the instant suit, either singly or, if leave be granted, jointly with the Corporation's action. A determination of this suit upon the merits would be res adjudicata of the Federal Court action. As has been stated, a trial of this action is best calculated to conclude the issues raised in all of these litigations."

It seems, therefore, dependent upon the ultimate outcome of the trial of the two state court actions, that this action may never be brought to trial.

■ It is a reasonable interpretation of Rule 26(a) that its purpose is to authorize the taking of a deposition in an action pending in this Court either to make discovery in preparation for, or to be used as evidence upon the trial of, such action.

■ Since no application was made to take the testimony of the defendants Chase and witness Rovensky until service of notice dated December 27, 1939, it is a reasonable assumption that such examinations are sought primarily for use in said state court actions. This does not appear to me to be within the letter or the spirit of the new Federal Rules of Civil Procedure.

■ The application before Judge Bondy under Rule 30(d) (and also before Judge Leibell) related to examinations already under way. This application must be regarded as made under the provisions of subdivision (b) of Rule 30, and certainly involves an issue not presented to either Judge Bondy or Judge Leibell.

■ The motion will be granted in the alternative and the taking of the depositions of the defendants Chase and witness Rovensky will be deferred until after the conclusion of the trial in the state court unless this action now number 9 on the reserve calendar is to proceed to trial in the meantime. Settle order on two days' notice.