**Bernice BEARD, Plaintiff,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

**Civ. A. No. 31854.**

United States District Court
N. D. Ohio, E. D.
March 19, 1957.

C. L. Sharpe, Wallach & De Vinne, of Cleveland, Ohio, for plaintiff.

Paul Lamb and C. R. Andrews, of Cleveland, Ohio, for defendant.

McNAMEE, District Judge.

The question here presented arises upon defendant's motion for an order staying answers to interrogatories "until it is apparent that the answers will be used in the instant action rather than in the state court action of this same cause * * *". Combined with the motion are defendant's objections to interrogatories 6 to 13 inclusive. For reasons presently to be stated, it will be necessary only to consider the motion to stay answers to the interrogatories.

In her action in this court plaintiff seeks damages for her alleged wrongful arrest and false imprisonment by employees of the defendant. Plaintiff is a citizen of Kentucky, and in July, 1954 filed an action against the defendant in the Common Pleas Court of Cuyahoga County, Ohio, involving the identical issues presented in this action. On August 5, 1954 plaintiff filed a motion in the state court action to require defendant to permit the inspection and copying of certain documents. This motion was overruled on August 31, 1954 by the Common Pleas Court on the ground that under the state law the designated documents were privileged. Thereafter, in May, 1955, plaintiff filed her action in this court. No demand for jury trial was made at the time the complaint was filed, or within the time specified in Rule 38(b) Fed.Rules Civ.Proc. 28 U.S.C.A. The state court action was scheduled for pretrial hearing on October 5, 1956, but at plaintiff's request was continued to a later date. On October 19, 1956 plaintiff filed 59 interrogatories in this action. On November 7, 1956 a pre-trial hearing was held in the state court action and the case was placed on the jury active list of the Common Pleas Court. The action in this court is now pending as a nonjury civil action, but is not on the cur-

rent calendar of non-jury cases. It seems probable that in the normal progress of the two actions the case in the Common Pleas Court will be tried before the action in this court.

■ In support of its motion defendant relies on Rule 30(b) F.R.C.P. which authorizes a court to make an "order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." The discovery procedures of the federal rules are designed to be used solely for the purpose of obtaining information for use in the federal court action in which they are employed. Such is the plain import of Rule 26(a) which, *inter alia,* provides: "Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes."

In Bachrach v. General Investment Corp., D.C., 31 F.Supp. 84, 86, defendant moved for an order to defer the taking of depositions in the Federal action until the disposition of a similar action pending in the state court. In granting the motion the court found that the depositions were sought primarily for use in the State court action, and said, "This does not appear to me to be within the letter or the spirit of the new Federal Rules of Civil Procedure." The District Judge in the Bachrach case also said:

"It is a reasonable interpretation of Rule 26(a) that its purpose is to authorize the taking of a deposition in an action pending in this Court either to make discovery in preparation for, or to be used as evidence upon the trial of, such action."

The Bachrach case was followed in Finkelstein v. Boylan, D.C., 33 F.Supp. 657. To the same effect are—Snap Lite Corp. v. Stewart Warner Corp., D.C., 40 F.Supp. 776, and DeSeversky v. Republic Aviation Corp., D.C., 2 F.R.D. 183. Of interest here also is the statement of the court in Empire Liquor Corp. v. Gibson Distilling Co., D.C., 2 F.R.D. 247, 248, where it was said:

"If it had been shown that the action in this court was instituted by plaintiff to use it as a vehicle for examining witnesses under our liberal Federal Rules, with the real purpose of thus preparing for the trial of the state court action, I would have stayed the examination of these witnesses. Under Rule 30(d) Federal Rules of Civil Procedure, an examination used for any such ulterior purpose would be oppressive."

■ There is no doubt that a district court, as an incident to its power to control the disposition of cases on its docket, has the power to stay proceedings. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. Plaintiff does not question this inherent discretionary power of the court. Plaintiff contends, however, that in the exercise of a proper discretion this court ought not to grant the protective order sought by defendant and, if granted, the order ought to be qualified by a condition similar to that suggested by the court in Mottolese v. Kaufman, 176 F.2d 301. Insofar as the Mottolese case is pertinent here, it is aptly summarized by Professor Moore as follows:

"In that case, the district court had stayed further proceedings, including the taking of depositions, in an action in the federal court pending determination of related actions brought earlier in the state courts. On petition for mandamus, the Court of Appeals approved of the stay with the qualification that 'at some time and in some form the prosecution of the claim should have the advantage of privileges of examination before trial equivalent to those which the Federal Rules afford.' Accordingly, the appellate court suggested that, if the defendant refused to submit to as full examination in the state court as the plaintiff could obtain in the federal action, the district court

**610**

should decide the defendants' pending motions to vacate plaintiff's notices to take depositions. If the defendants' motions were denied 'as a matter of federal procedure', the plaintiff should be allowed to proceed with the examinations. If the defendants in the state court action then consented to the use of the depositions in that action, no further steps in the federal action would be necessary, but if they refused to do so the federal action should go forward. Judge Frank, dissenting, commented that, under the majority decision, 'the sole remaining purpose of the federal suit is to aid in discovery of facts for use in the state court. This is a novel suggestion. Indeed, whenever it has appeared to a district judge that the sole purpose of a federal suit was to aid discovery for a state suit, discovery has been denied.'" 4 Moore's Federal Practice, page 1060, Par. 26.14.

 The situation here presented is distinguishable from that in Mottolese. In the cited case the order stayed all further proceedings in the action. Here the defendant seeks only to defer the answering of the interrogatories "until it is apparent that they are not to be used solely in the pending state action." But, apart from the distinction, this court is not bound to adopt the procedure outlined in Mottolese. Nor am I persuaded that under the facts of this case the procedure of the Mottolese case ought to be applied as a condition to the granting of defendant's motion. A citizen of another state has the undoubted right to institute actions against a citizen of this state in either the federal court or in a state court or in both courts upon the same cause of action. But a plaintiff has no right to use a federal court as a mere auxiliary forum through which to obtain assistance in the preparation of a similar case pending in the state court. That such was plaintiff's purpose in filing the interrogatories in this case seems apparent on the face of the record. It was not until ten months after the action was filed in Common Pleas Court that this action was filed, in May, 1955. This action was not commenced until the state court had denied plaintiff's motion for an inspection of documents. And it was not until after the Common Pleas case had been scheduled for pre-trial hearing and had moved close to the time of trial that the interrogatories were filed in this court. In view of these facts it is difficult to avoid the conclusion that the interrogatories are designed primarily to serve as a vehicle of preparation of plaintiff's case in the Common Pleas Court.

In its motion defendant asks this court to relieve it of the obligation of answering the interrogatories "until plaintiff dismisses her action in the Common Pleas Court or, through circumstances not presently contemplated, it appears that the federal action will be tried prior to the state court action." This is a reasonable request. The motion is granted and defendant is not required to answer the interrogatories until it appears probable that the answers thereto will be used for purposes of discovery or as evidence in this action.