**JOHNSON FOILS, INC., Plaintiff,**

v.

**HUYCK CORP., Defendant.**

**No. 71–CV–114.**

United States District Court,
N. D. New York.

Sept. 7, 1973.

---

2. See my opinion of July 16, 1973 p. 402.

3. See my opinion of July 16, 1973 p. 402.

4. See my opinion of July 16, 1973 p. 402.

Davis, Hoxie, Faithful & Hapgood, New York City, for plaintiff; William F. Kilgannon, Daniel H. Steidl, New York City, DeGraff, Foy, Conway & Holt Harris, Thomas F. Conneally, Jr., Albany, N. Y., of counsel.

Bryan, Parmelee, Johnson & Bollinger, Stamford, Conn., for defendant; Roland T. Bryan, Alphonse R. Noe, Ronald A. Clayton, Stamford, Conn., William G. Rhines, Weston, Conn., Dugan, Lyons,

Murphy, Pentak & Brown, Thomas W. Brown, Albany, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

## MEMORANDUM–DECISION and ORDER

Defendant has made two motions, one requesting summary judgment under Rule 56, Fed.R.Civ.Pro. or alternatively that I make findings of fact under Rule 56(d); the other motion seeks an order to prevent plaintiff from using some fruits of discovery in foreign litigation.

## I

## SUMMARY JUDGMENT

Defendant's assertion that there is no genuine issue of material fact regarding the invalidity of the patent is based upon two contentions: (1) Its wording of claims is indefinite in that the patent described therein with definiteness only as to what is already known in the art and (2) that there has been a misjoinder of co-inventors.

■ Summary judgment is a very drastic remedy. It says to the losing party that the court is so certain that nothing you have said even raises a material issue that you will be denied an opportunity to have a day in court on your claims. On the other hand, summary judgment can be a very useful device when it would be a waste of time and expense to have a *pro forma* trial, i. e., where the court finds to a high degree of certainty that there are no issues to litigate. Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9, 10 (2d Cir. 1956), cert. denied 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123 (1956). The emphasis in a motion for summary judgment is that a court must be *certain* that it is not depriving a party of the fundamental right to a trial. This is why the law puts great burdens of proof upon the movant and allows presumptions in favor of the opposing party. Nyhus v. Travel Management Corp., 151 U.S.App.D.C. 269, 466 F.2d 440, 442 (1972); Pitts v. Shell Oil Co., 463 F.2d 331, 335 (5th Cir. 1972); Empire Electronics Co. v. United States, 311 F.2d 175 (2d Cir. 1962).

■ When dealing with patent litigation involving questions of validity or scope, summary judgment is usually inappropriate. American Optical Co. v. New Jersey Optical Co., 58 F.Supp. 601, 605 (D.Mass.1944). The reason for this is quite simple; patents often must describe or translate the operation of very precise devices by using much less precise language. In order to accomplish this, scientists and patent lawyers must use a very sophisticated and highly specialized parlance. As certain 'terms of art' baffle anyone but the trained lawyer, many terms that the scientists may use or their patent lawyers may use can contain important distinctions imperceptible to anyone without an expert to explain or translate them. Graver Mfg. Co. v. Linde Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672 (1949). In the majority of cases, understanding the issues becomes even more complicated because the experts will often disagree. It then becomes a question of the demeanor of these experts which must be carefully weighed before one version of conflicting technical explanations is chosen as the basis for the court's decision. Such complex circumstances make summary judgment difficult to render in patent cases. Vermont Structural Slate Co. v. Tatko Bros. Slate Co., supra, 233 F.2d at 10; Cross v. United States, 336 F.2d 431 (2d Cir. 1964). However, this is not meant to imply that summary judgment is never appropriate in such cases. In my early days as District Judge, I granted a motion for summary judgment in the patent case of Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 134 F.Supp. 4 (N.D.N.Y.1955), affirmed 233 F.2d 9 (2d Cir. 1956), cert. denied 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123 (1956). This case—and its recollection of the patent is vivid in my mind—is a good representation of the factual simplicity that must exist before a court can confidently declare that it comprehends the case well enough to certify

that no genuine issue of material fact was present. *Vermont Structural Slate* was a controversy over a patent describing wooden pallets which were used to handle slabs of slate. It was described by me as a patent of "unbelievable simplicity" and by Judge Jerome Frank of the Court of Appeals as "easily understandable by anyone of the most modest intelligence." Other patent cases where courts allowed summary judgment also involved relatively simple devices which eliminated the need for specialized knowledge of the art, see, e. g., Monaplastics, Inc. v. Caldor, Inc., 378 F.2d 20, 21 (2d Cir. 1967) (three-piece plastic towel rack); Walker v. General Motors Corp., 362 F.2d 56 (9th Cir. 1966) (the mounting of a gas tank beneath a vehicle's fender).

■ The patent at issue in this case involves a device much more sophisticated and technical than a plastic towel rack, a wooden pallet, or any other device that most ordinary people are familiar with. At issue here is a "hydrofoil". It is a device that extracts water from wood fibers during the paper making process by creating a suction while remaining relatively stationary itself. The hydrofoil employs the "foil" principle of physics which is somewhat related to the principle by which wings provide lift to an airplane. In addition, the history of such water removing devices goes back almost 200 years and includes many developments and improvements since then, one of which is claimed here by plaintiff. See also, e. g., Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 47–48, 43 S.Ct. 322, 67 L.Ed. 523 (1923). Thus to my mind there are complex issues of trying to delineate where the prior art ends and where the invention, if any, begins. The nature of the patent in question and the issues underlying defendant's attack upon its validity make it inappropriate in my judgment to grant summary judgment. Van Wormer v. Champion Paper & Fibre Co., 28 F.Supp. 813, 814–815 (S.D.Ohio, W.D.1939); Staffin Lewis

Corp. v. Rose Derry Co., 9 F.R.D. 704, 705 (D.Mass.1950). Indeed, of the cases cited by defendant dealing with the indefiniteness of patents, none granted summary judgment. On the contrary most of these decisions seem to have held trials or hearings on the issues and some courts even specifically referred to the importance of having a trial with expert testimony before rendering a judgment. United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 232, 63 S.Ct. 165, 87 L.Ed. 232 (1942); Norton Co. v. Bendix Corp., 449 F.2d 553 (2d Cir. 1971). Therefore, summary judgment is denied.

■■ Next, defendant has requested alternatively that "the court . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted . . . ." Fed.R.Civ.Pro. 56(d). The key words in this provision of the rule are "if practicable", which means that such findings by the court should aid or expedite the litigation. United States v. Copacabana, Inc., 17 F.R.D. 297, 298 (S. D.N.Y.1955). The parties in this case are under the obligation—and it is the traditional approach in litigation—to define and narrow the issues by proper pre-trial procedures. It is not for the court to provide such a service to the parties and this is particularly true in a complex patent case where candidly the court lacks the intimate contact and knowledge of the experienced attorneys. It would be presumptuous on my part to attempt to narrow facts with limited knowledge at this stage merely upon papers. Hycon Mfg. Co. v. H. Koch & Sons, 219 F.2d 353 (9th Cir. 1955).

■ Lastly, regarding defendant's claim for summary judgment based on the misjoinder of co-inventors, I find that this type of issue under the law requires a heavy burden of proof and should also await trial for determination. Garrett Corp. v. United States, 422 F.2d 874, 880–881, 190 Ct.Cl. 858 (1970); Porter-Cable Machine Co. v.

Black & Decker Mfg. Co., 274 F.Supp. 905, 914 and n. 10 (D.Md.1967), aff'd 402 F.2d 517 (4th Cir. 1968), cert. denied 393 U.S. 1063, 89 S.Ct. 716, 21 L. Ed.2d 706 (1969).

Defendant claims that plaintiff's counsel has made certain admissions on the issue of misjoinder of co-inventors. However, in their papers opposing summary judgment, plaintiff asserts that counsel's remarks were inaccurately transcribed and explains their position in some detail in arguing that there is no misjoinder. This is sufficient to raise a genuine issue of material fact, and thus the motion for summary judgment is denied. Dressler v. MV Sandpiper, 331 F.2d 130, 132 (2d Cir. 1964); International Dry S. Corp. v. Western Newspaper Un., 127 F.Supp. 481 (S.D. N.Y.1954).

In sum, defendant's motion for summary judgment or alternative relief is denied in all respects.

## II

## PROTECTIVE ORDER

There is agreement between both parties in this action that an order protecting certain confidential and secret information, pursuant to Fed.R.Civ.Pro. 26(c), is appropriate, but the parties disagree on the type and degree of limitation such an order should impose upon the discovery process. Defendant proposes an order listing a number of proscriptions relating to the manner in which the discovery information will be exchanged, copied, stored, returned, and generally supervised. The apparent major concern is the use of the fruits of discovery in certain foreign litigation and proceedings between related companies of the parties in the instant litigation. This is further complicated because some of plaintiff's technical advisors in this action are officers in its related foreign companies. Thus the problem before the court is a very practical one of allowing discovery and use of information in the liberal sense mandated by the Federal Rules of Civil Procedure

while affording as much protection from public disclosure of defendant's claimed sensitive materials without unduly restricting discovery of relevant facts essential for proper litigation. Hickman v. Taylor, 329 U.S. 495, 506, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Carter Products, Inc. v. Eversharp, Inc., 360 F.2d 868, 872 (7th Cir. 1966); see also, Advisory Committee's Note, Proposed Rules of Evidence, 46 F.R.D. 161, 271 (1969).

The fact that sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered. International Nickel Co., Inc. v. Ford Motor Co., 15 F.R.D. 392, 394 (S. D.N.Y.1954). The exercise of the court's discretion must be guided by the liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from disclosures harmful to business interests. Both sides should have meaningful access to this type of information, i. e., where it can be reasonably shown to be 'relevant' to the prosecution or defense of a claim. See Wright & Miller, Fed. Prac. & Pro.: Civ. § 2008; Olympic Refining Co. v. Carter, 332 F.2d 260, 265 (9th Cir. 1964); E. I. DuPont De Nemours Powder Co. v. Masland, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016 (1917); Hartley Pen Co. v. United States District Court, 287 F.2d 324 (9th Cir. 1961).

Any protective order inhibiting liberal discovery must issue only upon a specific showing that the information in question is of the nature that its disclosure should be restricted and that the party disclosing will indeed be harmed by disclosure. Essex Wire Corp. v. Eastern Electric Sales Co., 48 F.R.D. 308 (E.D. Pa.1969); Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 18 F.R.D. 318 (S.D.N.Y.1955). Moreover, the protective order may only minimize the potential ill-effects to the party making disclosures, e. g., limiting access to certain persons or the public in general, but

it should not prohibit the full disclosure of all facts necessary to the litigation. This paramount concern limits the discretion of the court to encumber the discovery process except where good judgment dictates to the contrary. Olympic Refining Co. v. Carter, supra.

■ Defendant in a proposed protective order sets forth particular restrictions it believes will prevent the divulgence of information it considers confidential to the public or to other competitors. Defendant seems to have drafted this proposed order with the intent to limit plaintiff's use of the information to the instant litigation. I find little persuasion in this position and virtually no precedent for the detailed and drastic provisions of the proposed protective order in this regard. The liberality to be used in interpreting the federal rules mandates quite an opposite emphasis. To wit: unless it can be shown that the discovering party is exploiting the instant litigation solely to assist in other litigation before a foreign forum, federal courts do allow full use of the information in other forums. See Essex Wire Corp. v. Eastern Electric Sales, supra, 48 F.R.D. at 310; Beard v. New York Cent. R. R. Co., 20 F.R.D. 607, 610 (N.D.Ohio, E.D.1957); compare, Williams v. Johnson & Johnson, 50 F.R.D. 31, 33 (S.D.N.Y.1970); Olympic Refining Co. v. Carter, supra. Indeed, there must be some evidence of bad faith in the institution of the suit on the part of the discovering party before a court will act to limit the discovery process. Deering Milliken Research Corp. v. Leesona Corp., 27 F.R.D. 440, 441 (E.D.N.Y. 1961); Sagorsky v. Malyon, 12 F.R.D. 486, 487 (S.D.N.Y.1952); see also, Brown v. Bullock, 29 F.R.D. 184 (S.D. N.Y.1961); generally, Wright & Miller, Fed.Prac. & Pro.: Civ. § 2040. Defendant does not demonstrate in any way significant to my mind that plaintiff has used or intends to use the fruits of discovery for purposes other than as legitimate to legal actions and proceedings. This is particularly true in light of plaintiff's consent offered throughout to enter into an agreement protecting the secrecy and confidentiality of defendant's information in the traditional manner and with the customary terminology common to patent litigation.

Defendant in its proposed protective order submitted to this court in these motions also seeks to limit the number of persons, including technical experts, who may view the sensitive information. Again, defendant gives no particular reason to limit this information to a specified number of persons and in my opinion such an order would unnecessarily hamper the progress of this litigation, and be unfair to legitimate use of the information by the plaintiff. United States v. Lever Brothers Company, 193 F.Supp. 254, 257 (S.D.N.Y. 1961). Each party should be allowed to use all necessary consultation in preparing its litigation, consistent with a good faith effort to comply with any provisions agreed to in a protective order.

■ In sum, I find the proposed protective order of the defendant limits unacceptably the use of this information in foreign litigation of a closely related nature involving what essentially are the same parties. It also unduly restricts consultation by plaintiff of this case and others by providing for an overly detailed and cumbersome protection procedure. No bad faith has been alleged against plaintiff nor is any evident to me, and in light of the voluntary consent by its attorneys to a protective order on the real concern at issue, namely, to maintain the secrecy of the information from other competitors and the general public, my conclusion is to favor their proposed order.

The able and experienced lawyers for the parties unquestionably can draft a satisfactory order in accord with the reasoning and rulings herein. The important ruling is that the discovery information obtained in this action may be used by the plaintiff in the specific litigation and proceedings identified and set forth in the March 10, 1973 letter

addressed to me by the attorneys for plaintiff as pending in Canada, England and Germany between companies related to the parties in this action. The technical advisors named in the same letter are to have access to any information of this confidential nature obtained in discovery procedures and the protective order should be so worded.

Therefore, the separate motion of the defendant for a protective order is granted only to the limited extent indicated herein, and otherwise denied. A protective order in accordance herewith if consented to shall be submitted, otherwise settled upon five days notice. The Book of Exhibits designated 'PX–12', submitted by the attorneys for the plaintiff for 'my eyes only' is being returned by certified mail to them at Stamford, Connecticut, with this decision. The motion for summary judgment and for specification of facts is denied, and the motion for protective order granted as stated above.

It is so Ordered.