National Hand Tool Corp., plaintiff *v.*
United States, et al., defendants

Court No. 89–11–00636

(Dated July 23, 1990)

*Skadden, Arps, Slate, Meagher & Flom*, (*Rodney O. Thorson*), for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Barbara M. Epstein*), for defendant.

RE, *Chief Judge:* The question presented in this case pertains to the scope of a protective order requested by plaintiff, National Hand Tool Corporation, pursuant to Rule 26(c) of the Rules of this Court. Plaintiff requests the protective order in an effort to restrict the defendant's use of information obtained through the discovery process. The defendant objects to the terms of plaintiff's proposed protective order, and has submitted its own proposed order.

The first dispute between the parties pertains to paragraph 6 of the defendant's proposed protective order, which allows the defendant to disclose plaintiff's confidential information to "third party consultants and experts" in order to aid in the preparation of its defense. Plaintiff contends that such a disclosure "would cause substantial harm to [plaintiff] if it, or any of it, should fall into the hands of would-be competitors, customers or suppliers or if business decisions by any such firms were aided by persons having knowledge of that data." Furthermore, plaintiff contends that the defendant has no need to reveal that information to outside experts because the defendant has the necessary personnel within the Customs Service who have experience with these products, and are intimately familiar with the manufacturing process at issue in this case. The parties, however, do not dispute that the information may be disclosed to government employees who assist counsel in conducting the case.

The second dispute between the parties stems from the methods utilized in the designation of confidential information. The third dispute pertains to paragraph 5(E) of the defendant's proposed protective order, which permits the defendant to disclose plaintiff's confidential information to persons who had prior access to the information. The fourth and final dispute arises from the method of dealing with the confidential information after the action is concluded.

## BACKGROUND

This motion arises from Customs' denial, on October 20, 1989, of plaintiff's protest regarding the issuance of redelivery-marking notices by Customs, pursuant to Customs Regulation 134.3(b), for certain sizes or styles of steel forgings. The Customs Service issued the notices and barred entry of the steel forgings because they had not been marked with their country of origin. Plaintiff contends that, since the imported

steel forgings undergo a "substantial transformation" through further manufacture in the United States, pursuant to Customs Regulation 134.35 they are exempt from country of origin marking requirements. After filing this action on November 27, 1989, plaintiff moved for a preliminary injunction, which sought to enjoin Customs from excluding from entry the steel forgings described in the redelivery-marking notices. This motion was denied. *See National Hand Tool Corp.* v. *United States,* 14 CIT 61, Slip Op. 90–12 (Feb. 9, 1990).

On January 29, 1990, the defendant served plaintiff with approximately 57 pages of interrogatories, and a Request for Production of Documents. On February 15, 1990, plaintiff advised the defendant that some of the information requested was confidential, and proposed that plaintiff provide the information under a stipulated protective order. Between February 15 and March 16 the parties attempted to negotiate a mutually satisfactory protective order. Nevertheless, on March 20, 1990, plaintiff moved before this court for a protective order. The defendant objected to the terms of plaintiff's proposed order, and submitted its own version of an appropriate order.

## DISCUSSION

Rule 26(c)(7) of the Rules of the Court of International Trade provides in pertinent part:

> (c) Protective Orders. Upon its own initiative, or upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden, delay or expense, including one or more of the following: * * *

> (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way * * *.

Since the language of Rule 26(c)(7) of the Rules of this Court is essentially identical to that of Rule 26(c)(7) of the Federal Rules of Civil Procedure, the court may look for guidance to those cases which have interpreted and applied the federal rule of civil procedure. *See A. Hirsh, Inc.* v. *United States,* 11 CIT 208, 214 n.15, 657 F. Supp. 1297, 1303 n.15 (1987) (quoting *Sumitomo Metal Indus., Ltd.* v. *Babcock & Wilcox Co.,* 69 CCPA 75, 78 n.3, 669 F.2d 703, 705 n.3 (1982)).

It has been noted that in the federal courts, "[t]he fact that sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered." *Johnson Foils, Inc.* v. *Huyck Corp.,* 61 F.R.D. 405, 409 (N.D.N.Y. 1973). Rather, it is within the sound discretion of the trial court to issue a protective order that is appropriate under the particular circumstances. *See Aluminum Co. of America* v. *United States Dep't of Justice, Antitrust Div.,* 444 F. Supp. 1342, 1346 (D.D.C. 1978). Hence, under Rule 26(c)(7), the trial court has broad discretion to determine whether a protective order is warranted, and the specific restrictions that should be imposed. *See id.*

at 1347. In the exercise of its discretion, and in determining the scope of a protective order, the trial court "must be guided by the liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from disclosures harmful to business interests." *Johnson Foils,* 61 F.R.D. at 409.

It is also well established that, in seeking a protective order, "the party seeking the order of confidentiality bears the burden of demonstrating the required 'good cause' supporting the issuance of such an order." *Reliance Ins. Co.* v. *Barron's,* 428 F. Supp. 200, 202 (S.D.N.Y. 1977). As noted by the Court of Appeals for the Third Circuit, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone* v. *Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. (1986)). *See also United States* v. *Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (A protective order under Rule 26(c) "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."). Furthermore, when a party asserts that the discovery process will cause competitive injury because it will result in the revelation of trade secrets, the party cannot rely solely upon conclusory statements, "but must present evidence of specific damage likely to result from disclosure." *Culligan* v. *Yamaha Motor Corp., USA,* 110 F.R.D. 122, 125 (S.D.N.Y. 1986).

In this case, the major dispute pertains to paragraph 5 of plaintiff's proposed protective order, which precludes confidential information from being shown to anyone other than counsel for the defendant, counsel's support staff, and government employees assisting counsel in the conduct of the action. Paragraph 6 of defendant's proposed order, however, states that:

> Confidential Documents may be shown to third party consultants and experts, who sign a certification stating they are independent of all manufacturers of competitive merchandise, who are retained for the purpose of assisting in the preparation of this action on the condition that, before making disclosure, the defendants must obtain an agreement in writing to be bound by the provisions of this Order (in the form of Exhibit A hereto) from such consultant, expert or other third party.

> Confidential Documents may be shown to third party consultants and experts who are affiliated with manufacturers of competitive merchandise, *only* with prior written consent of plaintiff, or upon order of the court.

(emphasis in original).

Plaintiff maintains that the material requested by the defendant "relates to description and sequence of procedures, sources of materials, costs of materials, labor and equipment and is highly sensitive from a competitive standpoint." Plaintiff asserts that "[i]t would cause substantial harm to [plaintiff] if it, or any of it, should fall into the hands of

would-be competitors, customers or suppliers or if business decisions by any such firms were aided by persons having knowledge of such data."

It is clear that plaintiff has only made "broad allegations of harm," rather than a particularized showing of injury. *See Cipollone,* 785 F.2d at 1121. *See also Johnson Foils,* 61 F.R.D. at 410 (The court denied defendant's motion for a protective order limiting the number of technical experts who may view its confidential information because "defendant gives no particular reason to limit this information to a specified number of persons and * * * such an order would unnecessarily hamper the progress of this litigation, and be unfair to legitimate use of the information by the plaintiff.").

It would also seem clear that plaintiff's argument for the restriction on the defendant's use of the information is based on mere conjecture. Nonetheless, in support of its argument, plaintiff submits that "there is no need for the government to disclose this confidential data to any outsiders[,] [since] [t]he information sought is capable of being understood by government counsel who drafted the discovery requests." Plaintiff's conclusory statements may not form the basis for a restriction on the methods the defendant may use in the preparation of its case.

It is also important to note that the defendant has taken precautions in its proposed protective order to protect plaintiff from possible competitive injury. Paragraph 6 of the defendant's proposed order provides that the defendant is free to disclose the plaintiff's confidential information only to experts who are independent of all manufacturers of competitive merchandise. Paragraph 6 also provides that plaintiff must consent in writing, or a court order must be obtained, before the information may be shown to experts affiliated with manufacturers of competitive merchandise. Hence, the court adopts the language of paragraph 6 of the defendant's proposed order, which, with precautions, permits the disclosure of plaintiff's confidential information to third party consultants and experts.

The parties also disagree as to the proper wording to be used in paragraph 5(C), which pertains to the disclosure of confidential information to defendant's employees. The plaintiff's proposed order states that, with plaintiff's written consent, disclosure may be made to "[e]mployees of the defendants * * * who are required to assist counsel in the conduct of this action." In contrast, the defendant's proposed order refers to defendant's employees "who are engaged in assisting counsel * * *." The court adopts the language set forth in the defendant's proposed order.

The second matter in dispute relates to the process by which information is to be designated confidential. Paragraph 2(a) and (c) of the defendant's proposed order modifies plaintiff's order, which had left the designation to the discretion of plaintiff's counsel. The defendant's order provides that plaintiff designate information as "confidential" "by affidavit evidence of a person with personal knowledge of the facts * * *." This, however, would hamper the discovery process unnecessar-

ily. Each party's proposed protective order provides for a procedure by which the defendant may object to plaintiff's designation of information as confidential. As long as plaintiff, in good faith, designates information to be confidential, it is unnecessary and unreasonable to add the burden of obtaining an affidavit from a person with personal knowledge of the facts.

In *Cipollone* v. *Liggett Group, Inc.,* 106 F.R.D. 573, 584–85 (D.N.J. 1985), *writ granted,* 785 F.2d 1108 (3d Cir. 1986), the court was faced with a disagreement over the method of designating material confidential. A main concern of the court dealt with the existence of a mechanism to challenge a party's belief that certain material was confidential. *See id.* at 584–85. The parties in this case do not dispute that the protective order should contain a provision providing a mechanism for defendant to object to plaintiff's designation of material as confidential. Hence, paragraph 8 of the protective order will allow defendant to object, and grants plaintiff 14 days "in which to withdraw the claim to confidentiality or otherwise resolve the disagreement, or move the Court to resolve the disagreement."

The parties are also in conflict as to the proper labelling of pages containing some confidential and some non-confidential information. The plaintiff maintains that the page should be labelled "Confidential." The defendant, however, in its proposed order, asserts that, to make it clear that the entire page is not confidential, the page should be labelled "This page contains confidential information." Since the provision in defendant's proposed order is more precise, it is adopted by the court.

The third major dispute pertains to paragraph 5(E) of the defendant's proposed protective order. Paragraph 5(E) states:

> Except with the prior written consent of the plaintiff, or as set forth in paragraph 4, no document designated as Confidential and no information contained therein may be disclosed to any person other than:
>
>   *    *    *    *    *    *    *
>
> E. Persons who saw or had access to such Confidential Documents prior to entry of this Order.

Plaintiff concedes that those persons who know, or have obtained the data independently of the government's discovery, are free to use it. It is clear, however, that the fact that a person had prior access to plaintiff's confidential information does not provide a justification for present access to the information. Accordingly, this provision will not be included in the protective order.

The final dispute between the parties relates to the disposal of the plaintiff's confidential documents at the termination of the action. The court adopts the defendant's alternative, which provides that "[u]pon conclusion of this litigation, including such appellate review as may occur * * *," the documents will be destroyed, or returned to plaintiff.

## Conclusion

Plaintiff's failure to articulate specific damages or harm that will be allegedly suffered as a result of the disclosure of confidential information to third party independent experts leads the court to deny plaintiff's request for such a restriction.

Plaintiff's motion for a protective order, as set forth in the appendix, is granted.

## Appendix

### Protective Order

This matter coming before the Court upon application of plaintiff for an order under Rule 26(c) restricting the disclosure of trade secrets, or other confidential research, development, or commercial information, which will be supplied to defendant in this proceeding and placing such information and documents under seal of this Court; it appearing to the Court that the nature of the information sought, as represented by the plaintiff's counsel, establishes good cause; and that defendant consenting to the application of plaintiff; it is therefore ORDERED:

1. For purposes of this Order, "documents" shall mean all written, recorded or graphic matter of any nature whatsoever, including, but not limited to: interrogatory answers and documents produced by the plaintiff in this action, whether pursuant to formal discovery or by informal agreement; transcripts of and exhibits to depositions taken in this action; and any portions of any documents filed in this action which quote from or summarize any of the foregoing documents.

2a. For purposes of this Order, "Confidential Document[s]" shall mean all documents which are designated as "confidential" by the representation of plaintiff's counsel at the time of furnishing copies in connection with this action. Such designation is to be made by stamping or otherwise inscribing the word "Confidential" upon the document itself. When a document contains information which is non-confidential, the plaintiff will make a reasonable effort to segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential. Those portions which are not confidential shall not be restricted by this Order. No document or information may be designated as "Confidential" which was made available to the general public.

b. Those pages furnished to defendant which are not stamped shall not be treated as confidential unless the cover page contains the additional statement that the entire document is confidential. A cover page which is stamped "Confidential" will not be treated as confidential unless it contains the additional statement that "This page is confidential." If a page of a document contains both confidential and non-confidential information, the page will be stamped, "This page contains confidential information," and an additional copy of that page, not so stamped, will be provided to defendant with the confidential information deleted.

c. With respect to deposition testimony, counsel for the producing party may, on the record of the deposition or by written notice to counsel for all parties no later than 72 hours after receipt of a deposition transcript, designate all or any portion thereof as "Confidential" in accordance with the terms of this Protective Order. All copies of deposition transcript that contain confidential matter shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Clerk of the Court, shall be filed under seal, as provided by rule 81(h), Rules of the Court of International Trade.

3. Persons receiving Confidential Documents pursuant to this Protective Order shall not make use of or disclose any of it for any purpose other than the defense of this action. Nothing in this Protective Order precludes the government from using material produced by plaintiff in this action and designated as "Confidential," if such material was obtained independently of this action.

4. Confidential Documents may be referred to in interrogatory answers, motions, and briefs, and may be marked as deposition or trial exhibits in this action; provided, however, that no Confidential Documents shall be used for any of these purposes unless it, or the portion of the Court paper which discloses the contents of any such documents, is appro-

priately marked and separately filed under seal with the Clerk of the Court, in accordance with the provisions of Rule 81(h), Rules of the United States Court of International Trade.

5. Except with the prior written consent of the plaintiff, or as set forth in paragraph 4, no document designated as Confidential and no information contained therein may be disclosed to any person other than:

A. Counsel for the defendant in this action who are engaged in the conduct or preparation of this action or any appeal from a decision in this action.

B. Secretaries, paralegal assistants, and clerical personnel who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action.

C. Employees of the defendant (other than those described in subparagraphs A and B) who are engaged in assisting counsel for the defendant in the conduct of this action.

D. Authorized personnel of the Court of International Trade.

E. Those persons specified in paragraph 6 who meet the conditions of that paragraph and paragraph 7.

6. Confidential Documents may be shown to third party consultants and experts, who sign a certification stating they are independent of all manufacturers of competitive merchandise, who are retained for the purpose of assisting in the preparation of this action on the condition that, before making disclosure, the defendant must obtain an agreement in writing to be bound by the provisions of this Order (in the form of Exhibit A hereto) from such consultant, expert or other third party. Confidential Documents may be shown to third party consultants and experts who are affiliated with manufacturers of competitive merchandise, *only* with prior written consent of plaintiff, or upon order of the Court.

7. Except for persons described in Paragraph 5, subsections (A), (B) and (D) (*i.e.,* counsel for the defendant in this action, secretaries, paralegal assistants, and clerical personnel who are engaged in assisting such counsel in the preparation of this action, and authorized Court Personnel) no person authorized under the provisions of this Order to receive access to Confidential Documents shall be granted access to them until that person has read this Order and agrees in writing to be bound by its provisions (in the form attached as Exhibit A) and counsel for the defendant shall be responsible for maintaining a list of all such persons to whom such documents are disclosed as well as copies of agreements signed by them. For good cause shown, such list and agreements shall be made available for inspection by counsel for the plaintiff on order of the Court.

8. In the event defendant for good cause disagrees with plaintiff's designation of confidentiality with respect to particular information or documentation, defendant shall so advise plaintiff, and plaintiff shall thereupon have fourteen (14) days in which to withdraw the claim to confidentiality or otherwise resolve the disagreement, or move the Court to resolve the disagreement. During the pendency of any such motion, defendant shall not disclose the information or documentation that is the subject of said motion.

9. Upon conclusion of this litigation, including such appellate review as may occur, documents designated Confidential and all copies of same (other than exhibits of record), shall be destroyed by the defendant; or alternatively, if requested by plaintiff, such documents and copies (other than exhibits of record) shall be returned to the plaintiff at its request, other than copies containing work notes of counsel or other authorized persons, which shall be destroyed.

10. Upon motion of any party herein and for good cause shown, the court may modify the terms of this Order.

## Exhibit A

### Agreement to be Bound by Protective Order

The undersigned, _____ (print or type name), in connection with *National Hand Tool Corporation* v. *United States, et al.,* Court No. 89-11-00636, hereby acknowledges that he or she has received a copy of the Protective Order entered in that action, which is attached hereto as Exhibit 1, has read same and agrees to be bound by all of the provisions thereof and to submit to the jurisdiction of the United States Court of International Trade.

Dated: _____          _____
                                                    Signature