In re Robert G. TRIPP, Jr., Debtor.

G.W. WHITE & SON, INC., Plaintiff,

v.

Robert G. TRIPP, Jr., Defendant.

Bankruptcy No. 92–63549.
Adv. No. 94–70008.

United States Bankruptcy Court,
N.D. New York.

Aug. 15, 1995.

---

1. Rule 54(b) is made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7054.

David P. Antonucci, Watertown, New York, for Debtor/Defendant.

Militello Law Office, P.C. (Michael Wereblewski, of counsel), Watertown, New York, for G.W. White & Son Inc.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Presently before the Court is a motion filed on May 11, 1995, by Robert G. Tripp, Jr. ("Debtor") seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), incorporated in Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") in the adversary proceeding commenced by G.W. White and Son, Inc. ("Plaintiff") on January 25, 1994. In its Complaint, Plaintiff seeks a determination of the dischargeability of a debt pursuant to § 523(a)(4) of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code").

Debtor also moves the Court to compel discovery by requiring Plaintiff to respond to his interrogatories dated February 14, 1994. In addition, Debtor has requested that attorney's fees and sanctions, in the amount of $5,000, be imposed pursuant to Fed.R.Civ.P. 11, incorporated by reference in Fed. R.Bankr.P. 9011.

This Court previously entered an Order on April 18, 1994, granting summary judgment in favor of the Debtor and dismissing Plaintiff's Complaint. On appeal to the District Court of the Northern District of New York, the Hon. Frederick J. Scullin, Jr. remanded

the case to this Court on February 14, 1995, for further consideration not inconsistent with his decision.

The adversary proceeding was scheduled for trial on April 17, 1995, and subsequently adjourned to June 16, 1995. Debtor's motion was heard on May 23, 1995. The parties were afforded an opportunity to file memoranda of law, and the matter was submitted for decision on June 9, 1995. As a result, the trial was again adjourned pending the Court's decision.

## JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1), and (b)(2)(I).

## FACTS

Debtor previously was involved in business, allegedly under the assumed name of Tripp Construction. Plaintiff supplied the Debtor with materials to be used in several construction projects between September 6, 1990, and June 12, 1991.[1] Plaintiff alleges that Debtor received payment on the projects but failed to pay Plaintiff for the materials and supplies it furnished to Debtor.

On November 16, 1992, Debtor filed a voluntary petition ("Petition") seeking relief pursuant to Chapter 13 of the Code. Schedule F of the Petition lists Plaintiff as holding an unliquidated, disputed unsecured claim in the amount of $62,000 for "1992 Credit Purchases."

Plaintiff filed a complaint on July 28, 1993, seeking a determination of the dischargeability of a debt allegedly owed it. Debtor's motion for summary judgment was granted and Plaintiff's complaint was dismissed on November 4, 1993, by Order of this Court. In the interim, Debtor's case had been con-

verted to one pursuant to Chapter 7 of the Code on September 20, 1993. Plaintiff again filed a complaint on January 8, 1994, ("Complaint")[2] allegedly seeking the same relief as before. Debtor's motion for summary judgment was again granted within the context of Debtor's Chapter 7 case by Order of this Court on April 18, 1994. On appeal from the April 18, 1994 Order, Judge Scullin found that "based on the record before the court, there are insufficient facts to determine when the statute of limitations began to run on Plaintiff's claim. The court cannot determine when the work was completed nor when the payment was due under a contract." (see Judge Scullin's Decision and Order, dated February 14, 1995, p. 8), and accordingly, the matter was remanded to this Court.

## ARGUMENTS

Plaintiff contends that pursuant to Article 3–A of the New York Lien Law ("N.Y.Lien Law"), a trust was created and a fiduciary duty attached to the Debtor upon the receipt of payment from various owners that hired the Debtor. Plaintiff argues that in his fiduciary capacity, Debtor committed fraud or defalcation by failing to pay Plaintiff for the materials and supplies it furnished to the Debtor in connection with certain improvements to real property. Plaintiff asserts that whether or not the statute of limitations found in N.Y.Lien Law § 77 has run does not strip the Debtor of his status as a fiduciary or the Plaintiff of its status as a trust beneficiary. Plaintiff argues that there are questions of material fact that are disputed with regards to its Code § 523(a)(4) cause of action which warrant a denial of Debtor's motion for summary judgment.

Debtor contends that there is no dispute regarding the fact that Plaintiff furnished the Debtor with materials and supplies from September 6, 1990 to June 12, 1991. Debtor argues that Debtor's obligation with respect

---

1. Although in his Answer Debtor denied that Plaintiff provided him with materials and supplies during the time mentioned, Debtor's counsel accepted the allegation as true for purposes of his argument on May 25, 1995, concerning the statute of limitations.

2. Plaintiff's attorney alleged that at the time it filed the Complaint on January 8, 1994, no ap-

peal had been filed with respect to the Court's granting of Debtor's previous motion for summary judgment as Debtor's attorney failed to properly enter an order from which Plaintiff could have taken an appeal (see Affirmation in Opposition to Debtor's Motion for Summary Judgment, filed March 1, 1994, ¶ 23 and ¶ 24).

to any trust is limited to one year from the date of the alleged conversion pursuant to § 77 of N.Y.Lien Law (*see* Fourth Affirmative Defense in Debtor's Answer). Debtor contends that there have been no allegations that any conversion occurred in the year prior to Debtor's filing his Petition. In this regard, Debtor asserts that there is no dispute that the "events which are the subject of this action occurred more than one year prior to the Petition date." Therefore, Debtor argues that the statute of limitations has run under state law and Plaintiff's cause of action is time-barred under the Code, as well. In this regard, Debtor makes the argument that "[w]ith the extinguishment of the trust obligation, no claim exists for which relief can be granted as [Debtor's] liability as a fiduciary has terminated by lapse of time." *See* Affidavit of Debtor's attorney, sworn to May 8, 1995, ¶ 19. Debtor contends that Judge Scullin remanded the case because there was nothing in the Complaint that specifically stated when the conversion occurred relative to the filing of Debtor's Petition. Furthermore, it is Debtor's contention that a cause of action based on fraud must be pled with specificity and Plaintiff has failed to so plead, thus entitling the Debtor to summary judgment and the dismissal of the 1994 Complaint.

### DISCUSSION

■ Debtor's motion is one seeking summary judgment. However, at the hearing held on May 23, 1995, Debtor also argued that Plaintiff had failed to state a claim upon which relief could be granted and therefore, its Complaint should be dismissed. Debtor asserts that not only had the statute of limitations lapsed at the time Plaintiff filed its Complaint, terminating any fiduciary obligations Debtor might have with respect to Plaintiff, but also that Plaintiff's cause of action based on fraud and defalcation has not been pled with specificity.

With respect to Debtor's motion for summary judgment, the Court notes that he has failed to comply with current Local Rule 913.1(i) in that he did not "annex to the notice of motion a separate short and concise statement of the material facts as to which

the moving party contends there is no genuine issue, with specific citations to the record." As it happens, the "record" before the Court does not include any affidavits of individuals with personal knowledge of the facts or any depositions, answers to interrogatories or admissions as permitted by Fed. R.Civ.P. 56(c) for purposes of establishing that there is no genuine issue of material fact. Instead, all the Court has before it are Plaintiff's Complaint and Debtor's Answer. Normally, the Court would view Debtor's motion as one for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). However, Fed.R.Civ.P. 12(b) also permits a court to treat a motion to dismiss a complaint for failure to state a claim upon which relief can be granted as one for summary judgment pursuant to Fed.R.Civ.P. 56. Rather than question the appropriateness of the procedural vehicle used by Debtor, the Court will consider Debtor's motion and arguments as requesting summary judgment pursuant to Fed.R.Civ.P. 56. This approach also comports with the District Court's remand for further consideration of this Court's prior Order granting Debtor's previous motion for summary judgment on April 18, 1994.

■ Summary judgment is a useful tool to expeditiously conclude litigation. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Gallo v. Prudential Residential Servs., Ltd. Partnership* 22 F.3d 1219, 1223 (2d Cir.1994). However, summary judgment is also a drastic procedural weapon whose prophylactic function serves to cut off a party's right to present its case. *Heyman v. Commerce and Indust. Insur. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975). As a result, courts should grant summary judgment motions cautiously so that a litigant is not improperly denied a trial on the issues. *Johnson Foils,*

*Inc. v. Huyck Corp.*, 61 F.R.D. 405, 407 (N.D.N.Y.1973).

▇▇▇ For purposes of a summary judgment motion, the movant has the burden of showing that there does not exist a genuine issue as to any material fact. *Securities Exchange Comm'n v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978). Judge Scullin in his decision found that this Court had failed to enunciate the factual basis for its conclusion that the statute of limitations had run and that Debtor was entitled to summary judgment and dismissal of the Complaint. Specifically, Judge Scullin was unable to determine when the work was completed or when payment was due under a contract, if one existed, between Debtor and Plaintiff.

▇▇▇ Upon further review of the facts and the law, it appears clear to this Court that it erred in granting summary judgment in favor of the Debtor in April, 1994. The only undisputed fact before the Court at the time was that Plaintiff had supplied the Debtor with materials and supplies between September 6, 1990, and June 12, 1991. A careful reading of N.Y.Lien Law § 77 makes it clear that the statute of limitations did not commence to run beginning on the last day the materials were supplied to the Debtor or, as the Debtor argues, beginning on the date of any alleged conversion. Rather, the one year statute of limitations commences to run on the date the construction improvement is completed or on the date on which final payment under any contract between the parties became due in the case of a materialman, whichever date is later.[3] *See* N.Y.Lien Law § 77(2).

Since the Debtor raised the statute of limitations as a defense to Plaintiff's cause of action and also has made the motion for summary judgment, the burden of proving that no genuine issue of material fact exists and that as a matter of law the statute of limitations has run rests with the Debtor. As noted previously, neither the Debtor, nor the Plaintiff, has provided the Court with the dates of when the improvement to the real estate was completed or the date on which final payment was due pursuant to an agreement between the parties. It was those dates that Judge Scullin found lacking when he remanded the case back to this Court, not the date of any alleged conversion as the Debtor contends (*see* Judge Scullin's Decision and Order, dated February 14, 1995, p. 8).

▇▇▇ Clearly, a genuine issue of fact exists as to when the statute of limitations began to run on any cause of action Plaintiff might have under state law. However, in this instance Debtor's motion for summary judgment is made in the context of Plaintiff's cause of action brought pursuant to Code § 523(a)(4). Therefore, the Court deems it necessary to take its analysis one step further by determining whether the date the statute of limitations was tolled with respect to a cause of action based on Article 3–A of N.Y.Lien Law is a *material* fact with respect to the Debtor's cause of action based on Code § 523(a)(4).

This Court previously had occasion to consider whether the statute of limitations, as provided for in Article 3–A of N.Y.Lien Law, had run in *Grosso, supra,* 9 B.R. 815. In that case, the Plaintiff not only sought a determination that the debt owed to it was nondischargeable pursuant to Code § 523(a)(4), but it also sought a judgment for the amount of the debt pursuant to Article 3–A of N.Y.Lien Law. In the matter *sub judice,* the Plaintiff has only requested that the Court determine that the debt is nondischargeable pursuant to Code § 523(a)(4). As discussed by the court in *In re Silba,* 170 B.R. 195 (Bankr.E.D.N.Y.1994), an argument that the statutory limitation period for maintaining an action pursuant to Article 3–A of the New York Lien Law has lapsed is misplaced when what is solely before the Court is a request to determine the dischargeability of a debt pursuant to Code § 523(a)(4). *Id.* at 199; *see also In re Maurice,* 138 B.R. 890, 897 (Bankr.N.D.Ill.) (Determination of dis-

---

**3.** In the event that the construction projects for which Plaintiff furnished materials and supplies were never completed, it would have six years in which to bring an action to enforce the statutory trust pursuant to § 213 of New York Civil Practice Law and Rules ("CPLR"). *See In re Grosso,* 9 B.R. 815, 823 (Bankr.N.D.N.Y.1981).

chargeability should not be barred by state statute of limitations.), *aff'd sub nomine Maurice v. Dornik*, 1992 WL 308535 (N.D.Ill. 1992); *aff'd sub nomine Matter of Maurice*, 21 F.3d 767 (7th Cir.1994); *Miller v. Gross (In re Gross)*, 654 F.2d 602, 604 (9th Cir. 1981).

Whether or not the Article 3–A statute of limitations has run is an issue of material fact with respect to a cause of action based on Code § 523(a)(4) *only* if it defines the existence of the Debtor's role as a fiduciary. Apparently, in *Silba* the parties did not raise an argument concerning the relevance of the statute of limitations insofar as it might limit the duration of Debtor's role as a fiduciary, and it was therefore, unnecessary for the court to address the question. However, in the matter *sub judice*, Debtor has asserted that "no claim exists for which relief can be granted as [Debtor's] liability as a fiduciary has terminated by lapse of time."

■ A review of the New York case law confirms that the statute of limitations found in Article 3–A of the N.Y.Lien Law is considered to be a procedural, rather than substantive condition to the enforcement of a claim against the contractor. *See Davis & Warshow, Inc. v. S. Iser, Inc.*, 30 Misc.2d 528, 539, 220 N.Y.S.2d 818 (Sup.Ct.1961). Accordingly, even if the statute of limitations has run, the trust continues " 'until all claims for services and material on the improvement ... have been paid.' " *Id.*, quoting 1942 REPORT OF NEW YORK LAW REVISION COMMISSION, p. 325, 326. *See also Terns v. Whispell*, 227 F.Supp. 498 (S.D.N.Y.1964); *Flintkote Co. v. U.S.*, 47 F.R.D. 322 (S.D.N.Y.1969), *aff'd* 435 F.2d 556 (2d Cir.1971), *cert. denied*, 91 S.Ct. 1619, 402 U.S. 944, 29 L.Ed.2d 112 (1971). Therefore, Debtor's role as a fiduciary under Article 3–A of the New York lien law would have continued whether or not the statute of limitations had run as long as there remained claims for services and materials to be paid from the trust. Even if the Court had before it the facts necessary for making a determination of when the statute of limitations was tolled, it would not warrant granting Debtor's motion for summary judgment as they are not *material* facts with respect to the existence of Plaintiff's cause of action.

■ Debtor has not provided the Court with a statement of any material facts as to which he contends there is no genuine issue, other than asserting that there is no dispute concerning the period during which the Plaintiff supplied the Debtor with materials and supplies. As discussed above, that particular fact is not material to the issue at hand. What is relevant to a cause of action pursuant to Code § 523(a)(4) are facts which establish that a trust existed. This Court previously found that the trust relation created pursuant to Article 3–A of N.Y.Lien Law is sufficient to establish the "fiduciary capacity" delineated in Code § 523(a)(4). *See Grosso, supra,* 9 B.R. at 821. A trust is created and a fiduciary duty attaches to a contractor upon receipt of payment from the owner who hired the contractor pursuant to Article 3–A of N.Y.Lien Law. *In re Oot,* 112 B.R. 497, 500 (Bankr.N.D.N.Y.1989). The issue of whether the Debtor received any payments thereby creating a trust(s) is disputed and requires that the Plaintiff provide the Court with evidence of the payment(s).

■ In the event that the Plaintiff is able to establish that a trust existed, there remains the burden of proving that the debt arose as a result of Debtor's fraud or defalcation while acting in a fiduciary capacity. Debtor contends that Plaintiff has failed to plead with specificity what acts of the Debtor allegedly constituted fraud. However, Code § 523(a)(4) speaks in the alternative in that the cause of action may be based on fraud *or* defalcation. Establishing fraud requires a showing of a positive intentional act involving moral turpitude, where as establishing defalcation merely requires a showing that the fiduciary failed to account for money received in his fiduciary capacity, even if through negligence. *Id.* at 500 (citation omitted). In ¶ 15 of the Complaint, Plaintiff alleges upon information and belief that Debtor has applied trust funds for his own benefit in the form of salary and other forms of compensation, without first making payment to subcontractors or materialmen. In the view of the Court, Plaintiff has stated a claim upon which relief could be granted. As the Debtor disputes and denies any fraud or defalcation on his part, Plaintiff should be given an

opportunity to provide evidence to support its allegations.

When considering a motion for summary judgment, a court is to view the facts in the light most favorable to the opposing party and indulge all inferences in favor of the non-movant. *Research Automation Corp., supra,* 585 F.2d at 33; *Anderson, supra,* 477 U.S. at 253, 106 S.Ct. at 2513. With this in mind, the Court concludes that it would be inappropriate to grant Debtor's motion for summary judgment as there are genuine issues of material fact that are disputed by the parties and need to be resolved at trial. The Court also finds that Plaintiff's Complaint is warranted by existing law and was not interposed for any improper purpose. Therefore, it would be inappropriate to impose sanctions against the Plaintiff or to require the payment of attorney's fees as requested by the Debtor.

Based on the foregoing, it is

ORDERED that Debtor's motion for summary judgment is denied; it is further

ORDERED that the Plaintiff respond to Debtor's interrogatories within 30 days of the date of this Order; and it is further

ORDERED that Debtor's motion seeking sanctions in the amount of $5,000, as well as attorney's fees, against the Plaintiff be denied, and it is finally,

ORDERED that this adversary proceeding shall be rescheduled for trial commencing at 9 A.M., December 7, 1995 at the U.S. Courthouse, 10 Broad Street, Room 236, Utica, New York.